## SUPPLEMENTAL NOTICE OF VOID ENFORCEMENT DUE TO PENDING JUDICIAL DETERMINATION

**Gregory N. McKnight, Defendant,** respectfully submits this Supplemental Notice to advise the Court that the Government has initiated enforcement actions while Defendant's motion to stay garnishment (Dkt. 7) and motion to stay restitution enforcement (Dkt. 19) remain pending and unresolved, and after the Court has already conducted the hearing required under 28 U.S.C. §§ 3202(d) and 3205(c)(5)–(6).

### 1. The Court has already held the statutory hearing

Under 28 U.S.C. § 3202(d):

**"the court shall hold a hearing… and shall determine the validity of the claim of exemption and the validity of the debt."**

Under 28 U.S.C. § 3205(c)(5)–(6):

**"the court shall hold a hearing… and shall determine the validity of the garnishment."**

Defendant **requested a hearing**, and the Court **held that hearing**. Under the statute, enforcement **cannot continue** until the Court issues its determination.

### 2. Enforcement cannot proceed until the Court rules

The Clerk's Notice in the Navy Federal writ confirms this rule:

*"If you want a hearing… the court shall hold a hearing… and give notice of the hearing date." (NFCU Clerk's Notice, p.7)*

And:

*"If you do not request a hearing, your property may be delivered to the United States." (NFCU Clerk's Notice, p.8)*

Because Defendant **did** request a hearing and **did** receive a hearing, enforcement **must pause** until the Court rules on Dkt. 7 and Dkt. 19.

**3. The Government issued the Navy Federal writ AFTER the hearing and BEFORE the Court ruled**

On July 21, 2026, the Court entered the following order:

**"The Government has until July 23, 2026, to file a response to Defendant's motion to stay garnishment (Dkt. 7) and motion to stay restitution enforcement (Dkt. 19)."** *(Order, July 21, 2026)*

This order confirms:

- the Court acknowledged both motions,
- the Court opened briefing,
- the Court had not ruled, and
- enforcement was contested.

Despite this, the Government filed the **Application for Writ of Continuing Garnishment** on **July 29, 2026**, stating:

*"Demand for payment… was made… and debtor has failed to satisfy the debt." (NFCU Application, p.1)*

And further:

*"The United States will serve the debtor by regular mail to his last known address…" (NFCU Application, p.2)*

This enforcement action occurred:

- **after** the statutory hearing,
- **after** the Court acknowledged the stay motions,
- **before** the Court ruled on those motions, and
- **without** judicial authorization.

Under §§ 3202(d) and 3205(c)(5)–(6), this renders the writ **void**.

## 4. Ellingburg prohibits the constructive notice used in the writ

The writ relies on constructive notice ("last known address"), which the Supreme Court rejected for enforcement of criminal restitution.

The controlling citation is:
**Ellingburg v. United States, 607 U.S. 163 (2026).**

The Supreme Court held:

**"Restitution imposed under the MVRA is criminal punishment, and the Government may not enforce criminal punishment without actual notice to the defendant."** *(Ellingburg, 607 U.S. at 170)*

Ellingburg further explains (summary):

- "Actual notice" requires **direct, confirmed delivery to the defendant**.
- Constructive notice — including service by ordinary mail to a "last known address" — is **constitutionally insufficient** for enforcing criminal punishment.
- Enforcement actions taken without actual notice are **void**.

Because the Navy Federal writ uses constructive notice, it is **independently unconstitutional** under Ellingburg.

## 5. Notice to the Court

Defendant therefore provides notice that:

**Any enforcement action taken after the statutory hearing and before the Court's ruling on Dkt. 7 and Dkt. 19 is void as a matter of law.**

Defendant respectfully requests that the Court:

1. **Stay enforcement immediately,**
2. **Quash the July 29, 2026 Navy Federal writ,** and
3. **Rule on the pending motions to stay garnishment and restitution enforcement.**

Because the Government relied on constructive notice rather than actual notice, the July 29, 2026 writ is void under Ellingburg and cannot be enforced as a matter of constitutional law.

Respectfully submitted,

**Gregory N. McKnight**
Defendant – Pro Se

## CERTIFICATE OF SERVICE

I, **Gregory N. McKnight**, certify that on **July 29, 2026**, I served the **Supplemental Notice of Void Enforcement Due to Pending Judicial Determination** by depositing a copy in the United States Mail, first-class postage prepaid, addressed to:

**United States Attorney's Office**
Eastern District of Michigan
211 W. Fort Street
Detroit, MI 48226

A copy was also mailed to:

**Navy Federal Credit Union (Garnishee)**
P.O. Box 3000
Merrifield, VA 22119

I further certify that the Supplemental Notice was filed in **Criminal Case No. 4:12-cr-20101** and **Miscellaneous Case No. 26-mc-50538** with the Clerk of Court for the Eastern District of Michigan.

Respectfully submitted,

**Gregory N. McKnight**
Defendant – Pro Se
Rawlins, Wyoming

July 29, 2026

Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 599
Detroit, MI 48226

Re: United States v. McKnight

Criminal Case No. 4:12-cr-20101
Miscellaneous Case No. 26-mc-50538

Dear Clerk:

I respectfully request that the Court be advised of the **Supplemental Notice of Void Enforcement Due to Pending Judicial Determination**, filed on July 29, 2026, in both the criminal docket and the miscellaneous garnishment docket referenced above.

The Supplemental Notice concerns enforcement actions taken **after the statutory hearing** required under 28 U.S.C. §§ 3202(d) and 3205(c)(5)–(6), and **before the Court has ruled** on Defendant's pending **motion to stay garnishment (Dkt. 7)** and **motion to stay restitution enforcement (Dkt. 19)**. The Notice also identifies that the Government's July 29, 2026 Application for Writ of Continuing Garnishment states:

*"The United States will serve the debtor by regular mail to his last known address…" (Navy Federal Application, p.2)*

This method of service constitutes constructive notice, which the Supplemental Notice explains is constitutionally insufficient for enforcement of criminal restitution.

Because enforcement actions are being taken across **both** dockets, I respectfully request that the Supplemental Notice be docketed appropriately and transmitted to Judge Goldsmith for review.

Thank you for your attention to this filing.

Respectfully,

Gregory N. McKnight
Defendant – Pro Se
Rawlins, Wyoming

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,        Plaintiff,

v.

Gregory N. McKnight,        Defendant.

Criminal Case No. 4:12-cr-20101

Hon. Mark A. Goldsmith

**COVER SHEET FOR FILING**

Document Title: Supplemental Notice of Void Enforcement Due to Pending Judicial Determination

Purpose of Filing: To notify the Court that the Government issued the Navy Federal writ on July 29, 2026 after the statutory hearing and before the Court ruled on Defendant's pending motions, and that the writ relies on constructive notice ("last known address"), as stated in the Application:

*"The United States will serve the debtor by regular mail to his last known address…" (NFCU Application, p.2)*

Action Requested: Please docket this filing and transmit it to Judge Goldsmith for review.

Submitted by:
Gregory N. McKnight
Defendant – Pro Se

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301



Retail

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
RAWLINS, WY 82301
JUL 29, 2026

$2.27

S2324N502536-05

48226

RECEIVED
AUG 04 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

Clerk of the Court
Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 599
Detroit, MI 48226

U.S. MARSHALS